# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-51162

ATLANTIC CASUALTY INSURANCE COMPANY;

Plaintiff-Appellee;

v.

FERNANDO DE ANDA, d/b/a REYES CONSTRUCTION; CUTTER
AVIATION, INC.;

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-01035

Before HIGGINBOTHAM, STEWART, AND SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Before this court, Defendants-Appellants Fernando De Anda, d/b/a Reyes Construction and Cutter Aviation, Inc. contend that the district court erroneously granted Plaintiff-Appellee Atlantic Casualty Insurance Company's motion for summary judgment. Having reviewed the parties' briefs, heard oral argument, and considered the record under our de novo review, we disagree. The terms "driveway, parking area, or sidewalk" are unambiguous, and when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they are given their plain meaning, see Certain Underwriters at Lloyd's London v. C.A. Turner Construction Co. Inc., 112 F.3d 184, 186 (5th Cir. 1997) ("Under Texas rules of contractual interpretation, if an insurance contract is expressed in unambiguous language, its terms will be given their plain meaning and it will be enforced as written." (internal citation omitted)), none of those terms encompass an airport taxiway. Accordingly, we AFFIRM.